## MUNDINE v. CRENSHAW, et al.

1. M. purchased a lot of land and gave his notes for the purchase money. The venders executed a certificate of the sale, by which they bound themselves to make a title when the notes were paid, and containing a stipulation that on a failure of payment, the lot should revert to the ven- dors.—*Held,* that this stipulation was for the benefit of the vendor, and that the purchaser could not take advantage of his omission to pay, and at his option abandon the purchase.

2. Where a note has been executed payable to certain commissioners, pa- rol evidence is admissible to shew that the plaintiffs were the persons to whom the promise was made, and it is not necessary to produce the min- utes of the company for whom the commissioners act, to shew that they were duly elected such commissioners, where no fraud is alleged.

W. CRENSHAW, J. B. EARLE, J. CHILDRESS and G. S. GAINES, as survivors of C. Lefebvre Desnoettes, Commis- sioners of the town of Demopolis, brought an action of assumpsit in Shelby Circuit Court, against Charles Mun- dine, to recover the amount of four promissory notes made by him and one J. Howard, dated June 4th, 1819, paya- ble to "the Commissioners of the town of Demopolis," and falling due at different periods. The defendant pleaded the general issue, and also a special plea in bar, averring that the notes were given for the purchase money of a lot sold by the plaintiffs, on the conditions specified in a cer- tificate, as follows. "We the Commissioners of the town of Demopolis, do certify, that Howard and Mundine have purchased lot No. 5 fronting on Market street in said town, for which he will be entitled to a deed on paying seven hundred dollars in the following manner, viz: one sixth part in six months, one sixth part in twelve months, one third part in two years, and the last third part in three years, with interest on each payment from the date there- of, unless punctually paid. The lot to revert to the Com- pany of the town of Demopolis on a failure to comply. Signed and sealed this 4th day of June, 1819.

JOSEPH B. EARLE, [L. S.]
JAMES CHILDRESS, [L. S.]
C. L. DESNOETTES, [L. S.]
GEORGE S. GAINES [L. S.]
*Commissioners of the town of Demopolis.*

And averring that by the terms of the purchase, the lot had reverted back to the vendors, &c." Issue was join- ed on the first plea, and to the special plea, the plaintiffs demurred. The cause was tried at the fall term 1828, and

Mundine
v.
Crenshaw,
et al.

the Court sustained the demurrer; a verdict was found for the plaintiffs, on the general issue, for $1118 69, being the amount of the notes with interest from the time when due respectively, for which judgment was rendered.

At the trial, the defendant took a bill of exceptions, showing an exception taken by him to the admissibility of parol evidence offered by the plaintiffs, the particulars of which appear in the opinion delivered by the Court.

Mundine in this Court assigns for error, the overruling the demurrer to the special plea, and the refusal to reject the parol evidence as shewn in the bill of exceptions.

MARDIS, for the plaintiff in error.

STEWART, for the appellee.

By LIPSCOMB, C. J. The judgment on the demurrer is the first error assigned. There can be doubt but the condition in the certificate was inserted for the benefit of the vendors, and not the vendees. It is a sufficient agreement in writing to take the sale out of the statute of frauds. The plaintiffs below were not bound to make titles, till the purchase money had been paid; but the time when such payment was to be made, would not be so much of the essence of the contract as to abrogate the sale, if the payment was not made on the particular day specified in the certificate. The Court of Chancery would decree title on payment being made, and the vendors could not resist such decree, on the ground that the payment had not been made on or before the day appointed for such payment. It is very clear that it could not have been the intention of the parties, that the option should be with the vendees to pay the purchase money or to give up the lot in discharge of the contract. The retention of the title until the money was paid could only have been designed as additional security to the vendors. A case somewhat similar to this in principle, was decided by this Court some time ago, in which the effect of a failure to pay at the day, was fully considered, and the doctrine I have advanced on this subject recognised. a

a Powell v. King.

The next assignment grows out of the bill of exceptions taken on the trial below, "that Walter Crenshaw, Joseph B. Earle. James Childress, Charles Lefebvre Desnoettes, and George S. Gaines were, at the time when the said note in the declaration described was made, the Commissioners

of the town of Demopolis, that the said contract was made with them, and was delivered to them, and that they were the persons intended by the name of the Commissioners of the town of Demopolis in the said note by the makers of it, and also that since that time and before the commencement of this suit, Charles Lefebvre Desnouettes had died. The defendant then asked the witness if they were not a committee or commissioners of a company consisting of a large number of persons, and he answered in the affirmative. The defendant then asked the witness if the said company did not keep minutes of their proceedings, and of the appointment of said Commissioners, the witness said they did keep a book in which was entered the constitution of the company and other proceedings, and also a minute of the election of said Commissioners; therefore the defendant prayed the Court to reject the said parol testimony, which was refused." The want of proper parties plaintiff, can doubtless be taken advantage of by the defendant on the general issue. But unless the defendant wished to establish a fraud practised by those persons or some of them in holding themselves out, and contracting with him in a character that did not belong to them, it cannot be perceived of what use the minutes of the association could have been, after the representative character of the Commissioners had been acknowledged and recognised by the defendant. This he certainly had done by contracting with them as such. If the minutes had been produced they could not have been given in evidence in favor of the plaintiff, but they could have been used against them. A party is never required to furnish testimony against himself, without notice to produce it, and proof that such written testimony is in his power. The strongest testimony that the plaintiffs could produce of their character as Commissioners in this suit, was the acknowledgment of the defendant, and this was done as before observed by treating with them as such. In an action brought by several persons as co-partners, it might as well be required of them to produce the articles of co-partnership as the best evidence of the fact of such co-partnership existing. We consider the parol testimony as properly admitted, and that there is no error. Let the judgment be affirmed.

Judgment affirmed.

JUDGES WHITE and CRENSHAW, not sitting.